1  Michael D. Adams (State Bar No. 185835)
   madams@rutan.com
2  Meredith L. Williams (State Bar No. 292888)
   mwilliams@rutan.com
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
4  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
5  Facsimile: 714-546-9035

6  Attorneys for Plaintiffs
   VORSTEINER, INC. and TOGETHERBUY.COM
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 VORSTEINER, INC., a California      CASE NO.
   corporation, and
12 TOGETHERBUY.COM, a California
   corporation, dba VORSTEINER, INC.,  **COMPLAINT FOR:**
13
       Plaintiff,                      **1. COPYRIGHT INFRINGEMENT
14                                         [17 U.S.C. § 501];**
       vs.                             **2. TRADE DRESS INFRINGEMENT
15                                         [15 U.S.C. § 1125(a)];**
   VICREZ.COM, LLC, a California        **3. COMMON LAW UNFAIR
16 limited liability company; and DOES 1    COMPETITION AND TRADE
   through 10, inclusive,                   DRESS INFRINGEMENT; and**
17                                       **4. UNFAIR COMPETITION [CAL.
       Defendants.                          BUS. AND PROFS. CODE § 17200]**
18
                                        **DEMAND FOR JURY TRIAL**
19

20        Plaintiff Vorsteiner, Inc. and plaintiff Togetherbuy.com, dba Vorsteiner, Inc.
21 (hereinafter collectively "Plaintiff" or "Vorsteiner"), for its Complaint against the
22 above-named defendants, alleges as follows:
23                    **JURISDICTION AND VENUE**
24        1.    This Court has jurisdiction under 28 U.S.C. section 1338(a) as this
25 action arises under the Copyright Act, 17 U.S.C. sections 101, *et seq.*, and the
26 Lanham Act, 15 U.S.C. section 1125(a). This Court has jurisdiction over the state
27 and common law claims for unfair competition and violation of the California
28

1  Business and Professions Code section 17200 under pendent jurisdiction pursuant to

2  28 U.S.C. section 1367 in that said claims are joined with substantially related

3  claims under the Copyright Act and the Lanham Act.

4       2.     Venue is proper in the Central District of California under 28 U.S.C.

5  section 1391(b) and (c) because the defendants reside in this judicial district, a

6  substantial part of the events, omissions and acts that are the subject matter of this

7  action occurred within the Central District of California, and the defendants are

8  subject to personal jurisdiction and may be found in this district.

9                              **PARTIES**

10      3.     Plaintiff is a corporation organized and existing under the laws of the

11 State of California, located and doing business at 11621 Markon Drive, Garden

12 Grove, California 92841.

13      4.     On information and belief, defendant Vicrez.com, LLC is a limited

14 liability company organized and existing under the laws of the State of California,

15 located at 543 W. Mountain View Avenue, La Habra, California 90631.

16      5.     On information and belief, Plaintiff alleges that each of the defendants

17 named herein as Does 1 through 10, inclusive, performed, participated in, or abetted

18 in some manner, the acts alleged herein, proximately caused the damages alleged

19 below, and is liable to Plaintiff for the damages and relief sought herein.

20      6.     On information and belief, Plaintiff alleges that, in performing the acts

21 and omissions alleged herein, and at all times relevant hereto, each of the defendants

22 was the agent and employee of each of the other defendants and was at all times

23 acting within the course and scope of such agency and employment with the

24 knowledge and approval of each of the other defendants.

25      7.     The identities of the individuals and entities named as Doe defendants

26 herein are not presently known, but Plaintiff will seek to amend the Complaint to

27 properly identify them when their proper names have been ascertained.

28      //

utan & Tucker LLP
attorneys at law

## NATURE OF THE CASE

8.    Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against defendant Vicrez.com, LLC and the Doe defendants (collectively, "Defendants") for copyright infringement under 17 U.S.C. section 101, *et seq*.; infringement of trade dress under 15 U.S.C. section 1125(a)(1); common law unfair competition; and violation of California Business and Professions Code section 17200, *et seq*.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Copyright

9.    Plaintiff designs, manufactures and sells carbon fiber automobile components including spoilers, wings, fenders, and bumpers for luxury vehicles.

10.    To advertise these distinctive, high quality automobile components, Plaintiff uses photographs of vehicles displaying Plaintiff's carbon fiber components.  Plaintiff is the owner of these photographs, which are original, creative, artistic works.

11.    Plaintiff is the owner of the copyright in the following photograph (the "Photograph"):



12.    Plaintiff has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. and all other laws governing copyright, and has obtained a

utan & Tucker LLP
attorneys at law

Certificate of Registration for the Photograph from the Register of Copyrights. A true and correct copy of Plaintiff's Certificate of Registration, Registration Number VAu 1-302-517 effective January 19, 2018, with a copy of the deposited material (the Photograph), is attached as Exhibit A.

13. Since the time of the creation of the Photograph, Plaintiff has been and is still the sole proprietor of all of the rights, title and interest in and to the copyright in the Photograph.

14. Plaintiff is informed and believes and based thereon alleges that Defendants are engaged in the manufacture and sale of carbon fiber automobile parts in the United States and in this judicial district.

15. In or about December 2017, Plaintiff learned that Defendants are using the Photograph in connection with their sale of carbon fiber exterior automobile parts. Defendants use the Photograph on Vicrez.com, LLC's website, available at vicrez.com. Attached as Exhibit B is a true and correct print-out from the vicrez.com website reflecting Defendants' use of the Photograph to sell a competing copy of Plaintiff's carbon fiber front lip (among other copied trade dress), with the particular image copied and altered by Defendants also shown here:

vicrez

16. Plaintiff is informed and believes and based thereon alleges that Defendants directly copied Plaintiff's Photograph, which is the subject of Plaintiff's

1  valid and subsisting copyright, and altered the image to use on Defendants' website.

2      17.    Plaintiff is informed and believes and based thereon alleges that

3  Defendants knowingly and willingly copied the Photograph with the specific

4  purpose of selling carbon fiber automobile parts under the name Vicrez, competing

5  with Plaintiff, and infringing Plaintiff's copyright relating to the Photograph.

6      18.    Defendants have been unjustly enriched by their copying and use of the

7  Photograph and/or works derived from the Photograph, and Plaintiff is entitled to, at

8  a minimum, all of Defendants' profits from the sale of products marketed with the

9  Photograph, or statutory damages, whichever is greater, plus fees, costs and

10  increased damages for willfulness.

11                          **Plaintiff's Trade Dress**

12      19.    Plaintiff, by virtue of the goods offered under the name "Vorsteiner"

13  and Plaintiff's trade dress, is recognized as providing after-market luxury vehicle

14  parts, including carbon fiber automobile parts.  Plaintiff's products are well known

15  among the consuming public for their aesthetic beauty and unique artistic style, and

16  these products are subject to rigorous testing and quality control.

17      20.    The total image, design and appearance of Plaintiff's carbon fiber

18  automobile parts constitute Plaintiff's trade dress, provided as part of Plaintiff's

19  automotive programs for various vehicles.  Plaintiff invests heavily in the design of

20  its carbon fiber parts, such as its spoilers, diffusers, side skirts, and front lip splitters,

21  including for the BMW M3 and M4 through the BMW F8X M3/M4 Program.

22  Attached hereto as Exhibit C are photographs showing Plaintiff's carbon fiber

23  automobile parts for the BMW M4.  The size, shape, appearance, and texture of

24  these parts are ornamental and non-functional.  In particular, the original Vorsteiner

25  front bumper lip design shown in Plaintiff's copyrighted photograph (Exhibit A) has

26  distinctive design features, including underneath the headlamps where Vorsteiner

27  designed the part to be a reverse image of the curvature of the car body part,

28  underneath the lower air intake where Vorsteiner designed the part to evoke the

utan & Tucker LLP
attorneys at law

spacing in the car body part, and the length to which the front bumper lip protrudes from the front of the car. These unique design choices taken together provide this part with its distinctive look which—along with Plaintiff's other distinctive designs—have come to be recognized with and as distinctive of Vorsteiner carbon fiber parts. Plaintiff's advertising focuses on the aesthetic features of its carbon fiber parts and touts the artful look of Plaintiff's products.

21.    Plaintiff is informed and believes and based thereon alleges that Defendants, at all relevant times, have been and are in the business of selling carbon fiber exterior parts for luxury cars. Defendants have improperly used and continue to improperly use Plaintiff's trade dress in connection with their marketing and sale of carbon fiber exterior car parts. As one example, shown in Exhibit B, Defendant has copied the entire design of Plaintiff's front lip wholesale, as well as copied Plaintiff's original Photograph to sell this copied part.

22.    Specifically, Defendants' products, including at least Defendants' "VR3" carbon fiber front lip (sold under product code VZ100726), "VZ3" carbon fiber front lip splitter (sold under product code VZ100503), and "VZ3" carbon fiber rear diffuser (sold under product code VZ100427) for BMW vehicles, utilize Plaintiff's trade dress.

23.    Defendants are not authorized to use Plaintiff's trade dress in connection with their goods and services and are not affiliated with Plaintiff in any way. Defendants' use of Plaintiff's trade dress is likely to cause and, on information and belief, has caused actual confusion regarding the source or origin of Defendants' products and regarding the sponsorship, affiliation or approval of Defendants' products.

24.    Defendants use Plaintiff's trade dress in connection with products that are the same as and, on information and belief, are replicas of Plaintiff's goods, thereby increasing the likelihood of confusion. On information and belief, Defendants knowingly used and continue to use Plaintiff's trade dress with the

1  intent to derive benefits from the reputation of Plaintiff's trade dress and with the

2  intent to cause confusion.

3  **FIRST CLAIM FOR RELIEF**

4  **(Copyright Infringement – 17 U.S.C. § 501)**

5  25.    Plaintiff repeats and incorporates herein by reference each and every

6  allegation contained in Paragraphs 1 through 24 above, inclusive, as though fully set

7  forth herein.

8  26.    Plaintiff is the owner of a valid copyright in the Photograph, which is

9  an original work created by Plaintiff.

10  27.    By means of the actions complained of herein, Defendants have

11  infringed and will continue to infringe Plaintiff's copyright in and relating to the

12  Photograph by producing, distributing and using in the market images that were

13  copied from the Photograph.

14  28.    Plaintiff is currently and at all times relevant hereto has been the owner

15  of all of the rights, title and interest in and to the copyright in the Photograph.

16  Plaintiff has produced and distributed the subject work in conformity with

17  provisions of the Copyright Act of 1976 and the laws governing copyright.

18  29.    Defendants, and each of them, have knowingly and willfully copied

19  and are continuing to copy Plaintiff's Photograph for the specific purpose of

20  infringing Plaintiff's copyright for Defendants' own benefit and pecuniary interest

21  and to the detriment of Plaintiff.  On information and belief, Defendants have copied

22  and continue to copy the Photograph for profit in California and throughout the

23  United States.

24  30.    The natural, probable and foreseeable result of the aforesaid conduct of

25  Defendants has been and will continue to be to deprive Plaintiff of business, to

26  injure Plaintiff's relations with prospective customers, and to impose substantial

27  expenses on Plaintiff to counteract the aforesaid conduct.

28  31.    Plaintiff is informed and believes and based thereon alleges that it has

Rutan & Tucker LLP
attorneys at law

1  lost or will lose revenues, and has sustained or will sustain damages as a result of

2  Defendants' aforesaid wrongful conduct.

3      32.    Pursuant to 17 U.S.C. section 502(a), Plaintiff is entitled to temporary,

4  preliminary and final injunctions on such terms as the Court may deem reasonable

5  to prevent or restrain infringement of Plaintiff's copyright in the Photograph,

6      33.    Pursuant to 17 U.S.C. section 503, Plaintiff is entitled to an immediate

7  order impounding, on such terms as the Court may deem reasonable, all copies of

8  Defendants' images, designs or products which have been made or used in violation

9  of Plaintiff's exclusive rights in the Photograph.  As part of a final judgment or

10  decree, Plaintiff is also entitled to seek a court order requiring the destruction or

11  other reasonable disposition of all copies which have been made or used in violation

12  of Plaintiff's exclusive rights in the Photograph.

13      34.    Pursuant to 17 U.S.C. section 504, Plaintiff also seeks to recover actual

14  damages suffered by Plaintiff as a result of Defendants' infringement and any and

15  all profits of Defendants that are attributable to the infringement and are not taken

16  into account in computing actual damages.  Alternatively, Plaintiff may elect at any

17  time before final judgment to recover instead of actual damages and profits an

18  award of statutory damages for all infringements involved in the action for which

19  Defendants are individually liable or are jointly and severally liable in the sum of

20  not less than $750 nor more than $30,000 per infringement as the Court considers

21  just.

22      35.    Plaintiff further alleges that the infringements were committed willfully

23  by Defendants, and Plaintiff requests that the Court increase the award of statutory

24  damages to a sum of not more than $150,000 per infringement.

25      36.    Pursuant to 17 U.S.C. section 505, Plaintiff seeks to recover its costs

26  and reasonable attorneys' fees.

27      //

28      //

utan & Tucker LLP
attorneys at law

## SECOND CLAIM FOR RELIEF

### (Unfair Competition by Trade Dress Infringement– 15 U.S.C. § 1125(a))

37.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37 above, inclusive, as though fully set forth herein.

38.     Plaintiff's carbon fiber automobile parts include design elements and non-functional detail that identify the products' source and distinguishes Plaintiff's products from the products of others.  The total image and overall appearance of Plaintiff's products serve to identify the products with Plaintiff.

39.     The design of Plaintiff's carbon fiber automobile parts is distinctive, including the unique size, shape, appearance, and texture of the parts as designed by Plaintiff.

40.     Plaintiff owns the styling of its parts, including its spoilers, diffusers and side skirts for the BMW M3 and M4 through the BMW F8X M3/M4 Program (see Exhibit C) as trade dress.

41.     The design of Plaintiff's carbon fiber automobile parts is nonfunctional.

42.     As a result of the design elements in Plaintiff's inherently distinctive, arbitrary, and non-functional trade dress, as well as Plaintiff's marketing and sales activities, Plaintiff's trade dress for its carbon fiber automobile parts has acquired secondary meaning in the minds of the consuming public in that it associates such trade dress with Plaintiff.

43.     Defendants used and continue to use Plaintiff's trade dress in connection with Defendants' carbon fiber automobile parts without Plaintiff's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' goods.  Among other things, Defendants' products, including at least Defendants' "VR3" carbon fiber front lip (sold under product code VZ100726), "VZ3" carbon fiber front lip splitter (sold under product code VZ100503), and "VZ3" carbon fiber rear diffuser

utan & Tucker LLP
attorneys at law

1  (sold under product code VZ100427) for BMW vehicles, utilize Plaintiff's trade

2  dress.

3      44.    The use in commerce of Plaintiff's trade dress by Defendants will tend

4  to cause and, on information and belief, has caused the relevant public and trade to

5  believe erroneously that Defendants' products are associated with, authorized,

6  sponsored, or controlled by Plaintiff.  Defendants' unauthorized use of Plaintiff's

7  trade dress will tend to cause and, on information and belief, has caused confusion

8  among the consuming public regarding the origin or quality of Defendants'

9  products.

10     45.    By their acts as alleged herein, Defendants have infringed Plaintiff's

11  trade dress in violation of 15 U.S.C. section 1125(a) and have otherwise used the

12  good will of Plaintiff to sell Defendants' own goods and have otherwise competed

13  unfairly with Plaintiff.

14     46.    On information and belief, Defendants are now committing the acts

15  complained of above with full knowledge that their acts are unlawful.

16     47.    Defendants have displayed a willful course of conduct toward

17  appropriation and destruction of Plaintiff's rights in and to its trade dress.

18     48.    Defendants' wrongful acts and conduct as alleged herein have

19  permitted or will permit them to generate substantial sales and profits on the

20  strength of Plaintiff's substantial advertising, sales, consumer recognition, and good

21  will in connection with Plaintiff's trade dress.

22     49.    As a result of Defendants' wrongful acts alleged herein, Plaintiff has

23  suffered and will continue to suffer monetary damage in an amount not thus far

24  determined.

25     50.    On information and belief, Defendants' acts of unfair competition by

26  trade dress infringement in violation of the Lanham Act have caused financial injury

27  and damages to Plaintiff and have been willful, making this an exceptional case

28  within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling

1  Plaintiff to damages, attorneys' fees, and costs.

2       51.    Defendants' acts and conduct constitute unfair competition that has

3  caused and, unless restrained and enjoined by this Court, will continue to cause

4  irreparable harm, damage, and injury to Plaintiff's good will and business

5  reputation.

6       52.    Plaintiff is entitled to damages as a result of defendants' actions and

7  conduct and, because such damages alone do not provide Plaintiff with an adequate

8  remedy at law, Plaintiff is entitled to injunctive relief.

9  **THIRD CLAIM FOR RELIEF**

10  **(Common Law Unfair Competition and Trade Dress Infringement)**

11       53.    Plaintiff repeats and incorporates herein by reference each and every

12  allegation contained in Paragraphs 1 through 52 above, inclusive, as though fully set

13  forth herein.

14       54.    Defendants' actions and conduct as alleged herein, including

15  appropriating and using Plaintiff's Photograph and copying, manufacturing,

16  advertising, selling, and/or distributing infringing knock-offs of Plaintiff's carbon

17  fiber automobile parts without Plaintiff's consent, constitute unfair trade practices

18  and unfair competition under California common law.

19       55.    Defendants' actions and conduct in adopting and using Plaintiff's trade

20  dress in California constitute trade dress infringement under California law.

21       56.    Defendants have caused and, unless restrained and enjoined by this

22  Court, will continue to cause irreparable harm, damage, and injury to Plaintiff,

23  including but not limited to injury to Plaintiff's good will and business reputation.

24       57.    Plaintiff has no adequate remedy at law, and Plaintiff is being

25  irreparably damaged by Defendants' acts in violation of California common law,

26  entitling Plaintiff to injunctive relief.

27       58.    As a proximate result of Defendants' unfair competition, Plaintiff has

28  suffered and will suffer incidental and general damages, lost profits, and out-of-

tutan & Tucker LLP
attorneys at law

1  pocket expenses.

2      59.    Plaintiff is informed and believes and based there on alleges that

3  Defendants' conduct was done with a conscious disregard of the rights of Plaintiff

4  and with the intent to vex, injure, or annoy such as to constitute oppression, fraud, or

5  malice under California Civil Code section 3294, entitling Plaintiff to punitive

6  damages.

7  **FOURTH CLAIM FOR RELIEF**

8  **(Violation of California Business and Professions Code, Section 17200)**

9      60.    Plaintiff repeats and incorporates herein by reference each and every

10  allegation contained in Paragraphs 1 through 60 above, inclusive, as though fully set

11  forth herein.

12      61.    The foregoing acts and conduct of Defendants constitute unfair trade

13  practices and unfair competition under California Business and Professions Code

14  section 17200, *et seq*. and have no valid or legitimate purpose except to benefit

15  Defendants at Plaintiff's expense.

16      62.    Defendants' acts have caused damage to Plaintiff, including incidental

17  and general damages, lost profits, and out-of-pocket expenses.

18      63.    Defendants are required to disgorge and restore to Plaintiff all of

19  Defendants' profits, along with other expenses as may be incurred by Plaintiff.

20      64.    Plaintiff has no adequate remedy at law, and Plaintiff is suffering

21  irreparable damage as a result of Defendants' acts in violation of California

22  Business and Professions Code section 17200, *et seq*., entitling Plaintiff to

23  injunctive relief.

24  **PRAYER FOR RELIEF**

25      WHEREFORE, Plaintiff prays for an order and judgment against the

26  Defendants, and each of them, as follows:

27      1.    That Defendants, and each of them, their officers, directors, partners,

28  agents, servants, employees, attorneys, confederates, and all persons acting for,

Rutan & Tucker LLP
attorneys at law

with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the Photograph and/or Plaintiff's trade dress, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with automobile or vehicle products and services and other related services at any locality in the United States;

2.      That Defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the Photograph and/or Plaintiff's trade dress in any form or manner that would tend to identify or associate Defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3.      For an order requiring Defendants to deliver to Plaintiff's attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the Photograph;

4.      For an order requiring defendants to remove from their business premises and vehicles within thirty (30) days after the entry of any preliminary or permanent injunction, all instances of Plaintiff's trade dress, and to destroy all parts copying Vorsteiner's parts and all stencils, molds, plates, masters, or means of creating the infringing items;

5.      For an order requiring Defendants to instruct, within thirty (30) days after the entry of any preliminary or permanent injunction, any print directory,

1    Internet directory, or website that they have caused to carry the Photograph to cease

2    using such marks at the earliest possible date;

3        6.      For an order requiring Defendants to file with the Clerk of this Court

4    and serve Plaintiff, within thirty (30) days after the entry of any preliminary or

5    permanent injunction, a report in writing, under oath, setting forth in detail the

6    manner and form in which defendants have complied with 1 through 5 above;

7        7.      For general and special compensatory damages in a sum to be

8    established at the time of trial;

9        8.      For statutory damages under the Copyright Act;

10        9.      For restitution of profit and compensation derived by Defendants as a

11    result of their conduct alleged herein;

12        10.      For an award of punitive damages according to proof;

13        11.      For increased damages, costs, and attorneys' fees to the extent

14    permitted by law;

15        12.      For an award of pre- and post-judgment interest at the highest rate

16    allowed by law;

17        13.      For an award of costs and disbursements incurred in this action; and

18        14.      For such further relief as this Court shall deem just and proper.

19

20 Dated:  February 22, 2018            RUTAN & TUCKER, LLP
                            MICHAEL D. ADAMS

21                             MEREDITH L. WILLIAMS

22                       By:       */s/ Michael D. Adams*

23                           Michael D. Adams
                           Attorneys for Plaintiff
                           VORSTEINER, INC.

24

25

26

27

28

2314/102158-0018
11908835.3 a02/22/18           -14-
                   COMPLAINT

Rutan & Tucker LLP
attorneys at law

1

### JURY TRIAL DEMAND

2

3

Plaintiff Vorsteiner, Inc. and plaintiff Togetherbuy.com, dba Vorsteiner, Inc. hereby demand trial by jury.

4

5

Dated:  February 22, 2018

6

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS

7

8

By:      /s/ Michael D. Adams

9

Michael D. Adams
Attorneys for Plaintiff
VORSTEINER, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law